**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BARBARA ELLIS** **PLAINTIFF**

**v.** **Civil No. 1:12-cv-00266-HSO-RHW**

**JACKSON NATIONAL LIFE INS. CO.;**
**JANET E. GORDON; ELIZABETH E. HANSON;**
**JOHN C. ELLIS, III; RUSSELL W. ELLIS**
**IRREVOCABLE TRUST *c/o David Harvey, Trustee*;**
**ALICIA ELLIS, *Conservator of the Estate of Russell W. Ellis*; and**
**ESTATE OF JOHN C. ELLIS, JR.** **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY'S MOTION FOR ENTRY OF FINAL DECREE OF INTERPLEADER**

BEFORE THE COURT is the Motion [111] for Entry of Final Decree of Interpleader, filed by Defendant Jackson National Life Insurance Company ("Jackson National"). Neither Plaintiff nor the other Defendants have responded to the Motion. For the following reasons, the Court is of the opinion that Jackson National's Motion should be granted in part and denied in part.

## I. BACKGROUND

This matter involves a dispute regarding the proper beneficiaries to an annuity policy valued at more than one million dollars issued by Jackson National to the deceased, John C. Ellis, Jr. Plaintiff Barbara Ellis, the former wife of Mr. Ellis, has filed a Complaint against three of Mr. Ellis's adult children, Janet E. Gordon, Elizabeth E. Hanson, and John C. Ellis, III, as well as Mr. Ellis's Estate and a Trust and Conservatorship established on behalf of his fourth adult child, Russell W. Ellis. Pl.'s Sec. Am. Compl. [116]. Ms. Ellis claims that she is a proper beneficiary to the

Policy and seeks to void a request for change of beneficiary designation purportedly signed by Mr. Ellis in January 2011. *Id.*[1] The January 2011 request designates Janet E. Gordon, Elizabeth E. Hanson, John C. Ellis, and the Trust established on behalf of Russell W. Ellis as the only beneficiaries to the Policy. Annuity Service Request [67-6], Ex. F to Jackson National's Countercl. and Cross-cl. for Interpleader and Decl. Relief [67]. Pursuant to an earlier April 2009 request for change in beneficiary designation, Mr. Ellis had designated Ms. Ellis to receive 66 percent of the Policy proceeds. Annuity Service Request [1-1], Ex. 1 to Pl.'s Verified Compl. for TRO and Prelim. Inj. [1].

Ms. Ellis advances the following claims in her Complaint:

1. She contends that Mr. Ellis lacked testamentary capacity to execute a request for change of beneficiary designation in January 2011;

2. She avers "that the removal of her as a beneficiary was made in an improper, wrongful, and/or fraudulent manner." She specifically alleges that "the Defendants represented to Jackson National [] that [Mr. Ellis] wished to change the beneficiary designation . . . knowing it was indeed not the intent of [Mr. Ellis] to exclude [her] as a beneficiary . . . ," and maintains that "Defendants forged Mr. Ellis's signature in

[1] While Ms. Ellis contends that the January 2011 request for change of beneficiary designation excluded her as a beneficiary, Jackson National has submitted an Annuity Request Form indicating that Mr. Ellis excluded Ms. Ellis as a beneficiary to the Policy in February 2010. Annuity Request Form [67-3], Ex. C to Jackson National's Countercl. and Cross-cl. for Interpleader and Decl. Relief [67].

order to perpetuate a fraud upon [her], and exclude her as a beneficiary on [the] policy."

3. She submits that Defendants "intentionally and/or negligently made invalid and improper *inter vivos* transfers of the accounts and property of Mr. Ellis to Defendants;" and

4. She alleges that "if [Mr. Ellis] had the mental capacity to change beneficiaries for [the Policy], that same was the result of undue influence by Defendants in this matter."

Pl.'s Sec. Am. Compl. [116] at pp. 6-10.

On December 14, 2011, Ms. Ellis filed a Verified Complaint for Temporary Restraining Order and Preliminary Injunction [1] in the United States District Court for the Middle District of Alabama, Northern Division, Cause No. 2:11-cv-01064-WKW-SRW. The Court granted a temporary restraining order, prohibiting Jackson National from distributing the Policy proceeds. Order [5]. On December 12, 2011, Jackson National filed a Motion, seeking leave to deposit the Policy proceeds with the Clerk of the Court. Motion [7] for Deposit of Funds at p. 3. The Motion was granted, and Jackson National deposited $1,056,195.93 with the Clerk of Court on January 7, 2012. Notice [13] of Deposit of Funds with the Clerk of Court. On April 23, 2012, it filed a Counterclaim and Crossclaim for Interpleader and Declaratory Relief [67]. The United States District Court for the Middle District of Alabama, Northern Division, transferred the case to this Court on August 30, 2012. On November 8, 2012, Jackson National filed a Motion for Entry of Final Decree of

Interpleader [111]. It requests dismissal from this action with prejudice, an order forever discharging it from all liability in any way arising out of the Policy, an injunction permanently enjoining any action in any federal, state, or administrative forum arising out of the Policy, and reimbursement of its costs, including attorneys' fees. None of the other parties have filed an Answer to Jackson National's Counterclaim and Crossclaim for Interpleader and Declaratory Relief [67], nor have they submitted a Response to its Motion for Entry of Final Decree of Interpleader [111].

## II. DISCUSSION

Jackson National seeks interpleader relief pursuant to 28 U.S.C. § 2361. "An interpleader is a suit in equity." *Shelter Life Ins. v. Stallord,* No. 2:09-cv-9-KS-MTP, 2010 WL 200013 (S.D. Miss. 2010)(citing *First Nat'l Bank of Ft. Worth v. United States,* 633 F.2d 1168, 1172 (5th Cir. 1981)).

> Generally stated, the purpose of an interpleader action is to protect a stakeholder, most typically an insurance company, from liability when faced with the threat of multiple inconsistent claims to a single fund by allowing the stakeholder to tender the contested funds to the court in lieu of defending against multiple lawsuits. *Tittle v. Enron Corp.,* 463 F.3d 410, 424 (5th Cir. 2006). In essence, the interpleader action allows the stakeholder to pay the money in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds. *Hussain v. Boston Old Colony Ins. Co.,* 311 F.3d 623, 631 (5th Cir. 2002)

*Id.*

"An interpleader action typically involves two stages." *Rhoades v. Casey*, 196 F. 3d 592, 600 (5th Cir. 1999)(citing 7 CHARLES ALAN WRIGHT ET AL., FEDERAL

PRACTICE AND PROCEDURE § 1714 (3d ed. 2004)). In the first stage, the Court must determine whether the stakeholder is entitled to invoke the Court's interpleader jurisdiction. *Mid-America Indem. Co. v. McMahan,* Civ. A. No. J86-0583(L), 666 F. Supp. 926, 928 (S.D. Miss. 1987). The jurisdictional prerequisites for statutory interpleader are contained in 28 U.S.C. § 1335. The record reflects that they are satisfied here because: (1) the amount in controversy is in excess of $500.00; (2) there are two or more adverse claimants to the Policy proceeds; (3) at least two of the adverse claimants are of diverse citizenship;[2] and (4) Jackson National has deposited the Policy proceeds into the registry of the Court and claims no interest in them.[3]

28 U.S.C. § 2361 sets forth the relief available to an interpleader plaintiff once it has been determined that the action is properly before the Court:

> [i]n any action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

---

[2]Ms. Ellis is a citizen of Alabama. Mr. Ellis's adult children are citizens of Mississippi.

[3]"While an interpleader plaintiff who has an interest in the stake may not be discharged, the court may discharge a stakeholder if he is disinterested." *McMahan,* 666 F. Supp. At 929.

> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. "The injunction remedy promotes the purpose of actions in interpleader in that it prevents multiplicity of actions and reduces the possibility of inconsistent determinations or the inequitable distribution of the fund." *Id.* at 928.

Relief pursuant to 28 U.S.C. § 2361 is appropriate. Jackson National submits that it "has paid its full and total liability for insurance benefits on account of the death of the insured . . . ." Mot. [111] for Entry of Final Decree of Interpleader at p. 2. Neither Ms. Ellis nor the other Defendants have disputed this representation. Moreover, it is not apparent from Ms. Ellis's Complaint that she is alleging that Jackson National has engaged in any wrongdoing. Her allegations of wrongdoing appear to be directed only towards Mr. Ellis's adult children. The Court finds that Jackson National should be dismissed with prejudice and permanently discharged from all liability based upon a claim to the Policy proceeds. The other parties to this action should be restrained from instituting or prosecuting any proceeding in any State or United States court affecting the Policy proceeds.

Jackson National requests reimbursement of its costs, including attorneys' fees, incurred as a result of its defense and participation in this case. A district court has discretion to award costs, including reasonable attorneys' fees, to a stakeholder in an interpleader action, but 28 U.S.C. § 2361 does not expressly provide for such relief, and there are a number of factors relevant to determining

whether such relief is equitable. *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 364 (5th Cir. 1983); *Royal Indem. Co. v. Bates,* No. 08-40144, 307 Fed. App'x 801, 806 (5th Cir. 2009)(citing 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1719 (3d ed. 2001)); *Hartford Life & Acc. Ins. Co. v. Holder,* Civil No. 1:10-cv-22-HSO-JMR, 2011 WL 121777, *2 (S.D. Miss. 2011). Jackson National has not addressed these factors or otherwise explained why such relief is appropriate in this case. Based on the record, its request for reimbursement of its costs, including attorneys' fees, should be denied.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [111] for Entry of Final Decree of Interpleader, filed by Defendant Jackson National Life Insurance Company ("Jackson National"), is **GRANTED IN PART AND DENIED IN PART**. Jackson National is dismissed with prejudice and permanently discharged from all liability based upon a claim to the Policy proceeds. The other parties to this action are restrained from instituting or prosecuting any proceeding in any State or United States court affecting the Policy proceeds at issue. Jackson National's Motion [111] is denied in all other respects.

**SO ORDERED AND ADJUDGED**, this the 25th day of January, 2013.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE